CAFÉ EROTICA / WE DARE TO BARE / ADULT TOYS / GREAT FOOD / EXIT 94, INC., Plaintiff,

v.

ST. JOHNS COUNTY, Defendant.

No. 3:01–CV–342–J–25TJC.

United States District Court, M.D. Florida, Jacksonville Division.

April 13, 2001.

Gary S. Edinger, Law Office of Gary Edinger, Gainesville, FL, for plaintiff.

Susan S. Erdelyi, Sonya Harrell Hoener, Marks, Gray, P.A., Jacksonville, FL, for defendant.

## ORDER

ADAMS, District Judge.

This cause is before the Court on the Plaintiff's Motion for Preliminary Injunction (Dkt.2) and Defendant's response (Dkt.10). A hearing was held on April 9, 2001 at which the Court heard argument from the parties. Upon consideration, the Court finds as follows:

Plaintiff challenges the constitutionality of the St. Johns County Sign Ordinance, Article VII of the St. Johns County Land Development Code (the "Ordinance"). Plaintiff argues that the Ordinance is facially unconstitutional and unconstitutional as applied to Plaintiff. Specifically, Plaintiff alleges that the permitting provisions of the Ordinance are unconstitutional prior restraints. Consequently, Plaintiff seeks to enjoin enforcement of the permitting provisions of the Ordinance.

### Introduction

Plaintiff allegedly is in the business of developing a hunting and fishing camp. Plaintiff sought to erect a billboard containing Plaintiff's name and the words "hunt and fish camp" on property leased by Plaintiff in St. Johns County. Plaintiff alleges that in November 2000 it applied for a sign permit to erect a billboard on its leased property. St. Johns County did not take any action on Plaintiff's permit request within the fourteen days provided for in the Ordinance. Consequently, Plaintiff erected its billboard without a permit.[1] Subsequently, St. Johns County cited Plaintiff for violations of the Ordinance. On February 28, 2001, St. Johns County issued a conditional denial of Plaintiff's permit application and requested additional information to process Plaintiff's permit application.

Plaintiff makes a facial challenge to the constitutionality of the Ordinance. Plaintiff asserts that the Ordinance creates a prior restraint on free speech because the Ordinance does not provide a specified time limit within which the County Administrator must render a decision on a permit application. Although the Ordinance does set out a time limit, Plaintiff asserts that the time limit is illusory because it makes no provisions for what is to happen if the County Administrator fails to make a timely decision. Plaintiff makes a similar argument as to the appeals process set out in the Ordinance.

### The Ordinance

According to St. Johns County, the building code requires a person to obtain a building permit prior to erecting a sign larger than fifteen square feet in area. The Ordinance requires that anyone who seeks to erect a sign that requires a building permit obtain a sign permit. Under the Ordinance a completed permit application is submitted to the County Administrator for review. The challenged sections of the Ordinance relate to the time in which the St. Johns County must perform certain of its obligations under the Ordinance. The Ordinance states:

> Applications for Sign Permits shall be approved or denied, by the County Administrator, within fourteen (14) days of submittal of a fully completed application. If more information is required from the applicant in order to complete

---

1. St. Johns County alleges that Plaintiff erected the billboard first and then applied for the sign permit. The order of Plaintiff's actions, however, are not particularly relevant to Plaintiff's facial challenge to the Ordinance. The Court has set these facts out only to provide an understanding as to the genesis of this suit.

review of the application, the fourteen (14) day period shall run from receipt of that additional information. If the applicant certifies in writing that the application is complete, the fourteen (14) day period shall run from the date of the County's receipt of that writing.

Ordinance, section 7.00.01 C. The Ordinance provides the following appeals process:

Any decision by the County Administrator, pertaining to Sign permitting, may be appealed to the Board of County Commissioners within thirty (30) days of the decision. A notice of appeal from the County Administrator decision shall be filed, in writing by the, Applicant, to the County Administrator ... The County Administrator shall, upon receipt of such appeal, set a time for hearing[,] not to exceed thirty (30) days from filing and shall give notice of time and place of the hearing to the applicant. A decision of the Board of County Commissioners, pertaining to appeals, shall be rendered in writing within fifteen (15) days of the appeal hearing. Decisions, of the Board of County Commissioners, may be appealed to the Circuit Court by the appellant within thirty (30) days of the Board's rendered decision and injunctive relief may be sought.

Ordinance, section 7.00.08.

### Preliminary Injunction Standard

■ The standard applied to consideration of a motion for preliminary injunction is well-settled in this Circuit:

The movant must demonstrate: (1) a substantial threat that he will suffer irreparable harm if an injunction is not issued; (2) a substantial likelihood that he will prevail on the merits of the claim; (3) that the threatened injury to the plaintiff outweighs any injury an injunction will cause the opponent; and (4) that granting the injunction is not against the public interest.

*Shell Oil Co. v. Altina Associates, Inc.,* 866 F.Supp. 536, 541 (M.D.Fla.1994) (citing *Cheffer v. McGregor,* 6 F.3d 705, 709–710 (11th Cir.1993) and Fed.R.Civ.P. 65). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites. 'The burden of persuasion in all of the four requirements is at all times upon the plaintiff.' " *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 573 (5th Cir.1974)); *accord Cunningham v. Adams,* 808 F.2d 815, 819 (11th Cir. 1987); *Zardui–Quintana v. Richard,* 768 F.2d 1213, 1216 (11th Cir.1985).

■ A plaintiff's "success in establishing a likelihood it will prevail on the merits does not obviate the necessity to show irreparable harm." *United States v. Lambert,* 695 F.2d 536, 540 (11th Cir.1983); *accord Jefferson County,* 720 F.2d at 1520 n. 21. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray,* 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506–507, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)). A showing of irreparable harm is "the sine qua non of injunctive relief." *Frejlach v. Butler,* 573 F.2d 1026, 1027 (8th Cir.1978).

### Discussion

#### 1. Irreparable Harm

■ Plaintiff asserts that the Ordinance is an unconstitutional prior restraint on free speech. Generally, a prior restraint on free speech exists "when the government can deny access to a forum for expression before the expression occurs." *U.S. v. Frandsen,* 212 F.3d 1231, 1236—1237 (11th Cir.2000). Thus, a prior re-

straint would constitute a loss of a First Amendment right. The Supreme Court has stated that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Consequently, unless Defendant can establish that the permitting scheme does not constitute a prior restraint, which Defendant has not done or attempted to do, Plaintiff has shown irreparable harm.

## 2. Substantial Likelihood of Success on the Merits

■ Plaintiff asserts that it has a substantial likelihood of success on the merits because the Ordinance does not meet the requirements for a prior restraint to pass constitutional muster as set out in *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) and *Freedman v. Maryland,* 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965). In *FW/PBS* the plurality decision stated that ordinances which establish a prior restraint must contain two procedural safeguards: (1) licensing officials must be required to make the decision whether to issue the license within a specified and reasonable time period, and (2) prompt judicial review must be available to correct erroneous decisions. 493 U.S. at 228, 110 S.Ct. 596 (*citing Freedman,* 380 U.S. at 51, 85 S.Ct. 734). The Eleventh Circuit has specifically addressed the time limit requirement several times since the *FW/PBS* decision. In *Redner v. Dean,* 29 F.3d 1495, 1500 (11th Cir.1994), the Eleventh Circuit found a time limit imposed on the decision-maker illusory because it did not clearly allow the applicant to begin engaging in the activity for which the license was sought if the decision-maker failed to make a timely decision. The licensing scheme involved stated that the applicant "may begin operating" if a timely decision was not made. *Id.* The court found that the use of "may,"

instead of the mandatory "shall," created an illusory time limit. *Id.* at 1501 Thus, although the challenged licensing provision provided a short and definite time period in which the decision-maker was to make a decision, the provision was constitutionally insufficient because it provided no mandatory guidelines as to what must happen if the decision-maker failed to timely act. Similarly, in *Artistic Entertainment, Inc. v. City of Warner Robins,* 223 F.3d 1306, 1311 (11th Cir.2000), the Eleventh Circuit found an ordinance unconstitutional that failed to contain any provisions as to what would happen if the city failed to act on the application within the time frame set out in the challenged ordinance.

Based on the Eleventh Circuit's interpretation of the *FW/PBS* and *Freedman* guidelines, Plaintiff has demonstrated a substantial likelihood that it will succeed on the merits of its claim that the Ordinance cannot meet constitutional muster. Although the Ordinance sets out a specific and reasonable time in which the County Administrator must issue a permitting decision, the Ordinance makes no provisions for what shall happen if the County Administrator fails to comply with the fourteen day time period set out in the Ordinance. St. Johns County argues that the Ordinance does meet constitutional muster because a party can always seek a writ of mandamus or a writ of certiorari if the County Administrator fails to timely make a decision. However, clearly such remedies also would have been available to the plaintiff in the *Redner* case, a case which arose in Florida, and in that case the court still found the ordinance at issue did not provide adequate safeguards.

St. Johns County also argues that this case differs from the cases cited above because safety is the major consideration in issuing the permits. The Court does not question the importance of ensuring

that billboards are constructed to comply with safety requirements. However, merely because safety issues are involved does not excuse St. Johns County from complying with the constitutional safeguards set out by the Supreme Court. Safety was also an issue in the *Redner* case where the licensing scheme involved investigations to ensure compliance with building, fire, health, and zoning statutes, codes, ordinance, and regulations. 29 F.3d at 1497. Clearly, the safety issues involved did not override the *Redner* court's concern that the licensing scheme at issue could indefinitely suppress expressive activity. Thus, the Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits of its claim that the Ordinance is facially unconstitutional.

### 3. Balancing of the Hardships

 Plaintiff's challenge to the Ordinance is a facial challenge; therefore, the challenge is brought on behalf of all persons that must comply with the challenged Ordinance, not just on behalf of Plaintiff. Consequently, in balancing the hardships the Court must consider the hardship to anyone who might seek to erect a billboard in St. Johns County if the Court allows St. Johns County to continue to enforce an Ordinance that may be an unconstitutional prior restraint. St. Johns County argues that it will suffer the greater hardship if an injunction issues because nothing will prevent the public from erecting unsafe billboards that do not comply with the building and other applicable codes. However, the Court finds that the threatened injury to the public's First Amendment rights outweighs any harm that may accrue to St. Johns County, especially in light of the fact that St. Johns County may amend its sign ordinance to comply with the *FW/PBS* and *Freedman* safeguards, while those wishing to erect signs have no means by which to ensure that their First Amendment rights are not indefinitely suppressed.

### 4. Public Interest

St. Johns County argues that the public interest will not be served if an injunction were to issue because of the safety issues involved. The Court is not unmindful of St. Johns County's safety concerns. However, the public interest in avoiding the indefinite suppression of First Amendment activity also must be considered. Weighing these two interests the Court finds that, given the other considerations involved in the issuance of an injunction, Plaintiff is entitled to a preliminary injunction.

Because the Court finds that Plaintiff has met its burden in establishing that it is entitled to a preliminary injunction as to the section of the Ordinance dealing with the initial permitting decision, the Court finds that it is not necessary to reach Plaintiff's arguments as to the appeals provision of the Ordinance and Plaintiff's as applied arguments. Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Preliminary Injunction (Dkt.2) is **GRANTED**. Until further order of the Court, St. Johns County is enjoined from enforcing the permitting requirements as set out in the current version of the Ordinance.